

# United States Court of Appeals for the Federal Circuit

2009-1047, -1384

**FILED**
Aug 10. 2009
AUG 1 0 2009

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

HOWARD B. GARBER,

           Plaintiff-Appellant,

v.

CHICAGO MERCANTILE EXCHANGE
and CHICAGO BOARD OF TRADE,

           Defendants-Appellees.

## Judgment

ON APPEAL from the    UNITED STATES DISTRICT COURT FOR THE
                           NORTHERN DISTRICT OF ILLINOIS

in CASE NO(S).      04-CV-3238

This CAUSE having been heard and considered, it is

ORDERED and ADJUDGED:

### REVERSED

ENTERED BY ORDER OF THE COURT

DATED JUN 2 6 2009

Jan Horbaly, Clerk



ISSUED AS A MANDATE:    AUG 0 3 2009

# United States Court of Appeals for the Federal Circuit

2009-1047, -1384

HOWARD B. GARBER,

                Plaintiff-Appellant,

v.

CHICAGO MERCANTILE EXCHANGE
and CHICAGO BOARD OF TRADE,

                Defendants-Appellees.

  Andrew Staes, Staes & Scallan, P.C., of Chicago, Illinois, argued for plaintiff-appellant. With him on the brief was Stephen Scallan.

  Jerrold E. Salzman, Skadden, Arps, Slate, Meagher & Flom LLP, of Chicago, Illinois, argued for defendants-appellees. With him on the brief was Gretchen M. Wolf.

Appealed from: United States District Court for the Northern District of Illinois

Judge Ruben Castillo

# United States Court of Appeals for the Federal Circuit

2009-1047, -1384

HOWARD B. GARBER,

Plaintiff-Appellant,

v.

CHICAGO MERCANTILE EXCHANGE
and CHICAGO BOARD OF TRADE,

Defendants-Appellees.

Appeals from the United States District Court for the Northern District of Illinois in 04-CV-3238, Judge Ruben Castillo.

DECIDED: June 26, 2009

Before MICHEL, Chief Judge, LOURIE and PROST, Circuit Judges.

LOURIE, Circuit Judge.

Howard Garber appeals from the decision of the U.S. District Court for the Northern District of Illinois denying Garber's motion for relief pursuant to Fed. R. Civ. P. 60(b). Garber v. Chi. Mercantile Exch., No. 04-CV-03238 (N.D. Ill. July 16, 2008) (Dkt. No. 63). Because the district court erred in not granting the motion, we reverse.

## BACKGROUND

On May 6, 2004, Garber filed a patent infringement complaint against the Chicago Mercantile Exchange and the Chicago Board of Trade (collectively, "CME"),

among others. On November 24, 2004, Garber's counsel moved to withdraw from the case. The district court granted the motion. At the same time, the court cancelled a Markman hearing scheduled for December 1 and scheduled a status conference for December 15. The court's order stated that "[i]f plaintiff does not secure counsel by [December 15], this case will be dismissed for want of prosecution." Garber, No. 04-CV-03238 (N.D. Ill. Nov. 24, 2004) (Dkt. No. 53).

Garber was unable to obtain new counsel and entered into an agreement with CME to dismiss the suit without prejudice. Garber filed the agreement, which was signed by all remaining parties, in the district court on December 8, 2004. The legal content of that agreement is at the heart of the present appeal. The complete text of the agreement reads as follows:

### STIPULATION FOR DISMISSAL WITHOUT PREJUDICE

Plaintiff Howard B. Garber, Defendant Chicago Mercantile Exchange and Defendant Chicago Board of Trade, hereby stipulate and agree: 1) that all of their claims and counterclaims in this action should be DISMISSED WITHOUT PREJUDICE, with each party to bear its own costs; and 2) that the Court may and should enter the following Order for Dismissal Without Prejudice.

Attached to the stipulation was a proposed order which reads as follows:

### ORDER FOR DISMISSAL WITHOUT PREJUDICE

Based on the foregoing stipulation of the parties, and based on all the files, records and proceedings herein, the Court being fully advised, IT IS HEREBY ORDERED THAT all claims and counterclaims of Plaintiff Howard B. Garber, Defendant Chicago Mercantile Exchange and Defendant Chicago Board of Trade, are hereby DISMISSED WITHOUT PREJUDICE, with each party bearing its own costs.

On December 17, 2004, the district court entered a minute order dismissing the case without prejudice. Garber, No. 04-CV-03238 (N.D. Ill. Dec. 17, 2004) (Dkt. No. 56)

("First Dismissal Order"). That order differed from the proposed order attached to the joint stipulation entered into by both parties on December 8. The court's order provided Garber until January 18, 2005 "to move to reinstate this case or this lawsuit may be dismissed without prejudice." Id. (emphasis added). On February 9, 2005, the court entered a second order stating, "There being no motion by the plaintiff to reinstate this case, as directed by the Court's December 17, 2004 order, the case is hereby dismissed with prejudice." Garber, No. 04-CV-03238 (N.D. Ill. Feb. 9, 2005) (Dkt. No. 58) (emphasis added) ("Second Dismissal Order").

Over three years later, on June 24, 2008, Garber filed a motion for relief from the Second Dismissal Order, which had dismissed his case with prejudice. Garber brought the motion pursuant to Fed. R. Civ. P. 60(a), which permits courts to correct clerical mistakes. Garber argued that a clerical error occurred by pointing out that the First Dismissal Order warned that the case "may be dismissed without prejudice," while the Second Dismissal Order dismissed the case with prejudice. In the alternative, Garber raised Fed. R. Civ. P. 60(b)(6), which allows relief for "any other reason that justifies relief." CME opposed the motion. Subsequently, after oral argument on the issue, the court denied the motion. Garber, No. 04-CV-03238 (N.D. Ill. July 16, 2008) (Dkt. No. 63).

Garber then filed a motion for reconsideration on July 29, 2008. The motion sought to vacate as void the court's First Dismissal Order because the court lacked subject matter jurisdiction over the case. According to Garber, the joint stipulation entered into by the parties was filed under Fed. R. Civ. P. 41(a)(1) and thus was immediately self-executing. Therefore, Garber argued, the court lacked subject matter

2009-1047, -1384            3

jurisdiction over the action when it issued the First Dismissal Order. CME did not initially oppose Garber's motion for reconsideration. Five weeks after the hearing on the motion, CME filed a motion for leave to oppose the motion. CME argued that Garber's Rule 41(a)(1) argument was improperly raised in his motion for reconsideration and that argument, even if properly raised, was ineffectual because the stipulation was filed pursuant to Fed. R. Civ. P. 41(a)(2) and therefore was not self-executing. Two weeks after CME filed its opposition, the court denied Garber's motion "for all the reasons stated in defendant's memorandum in opposition." Garber, No. 04-CV-03238 (N.D. Ill. Oct. 3, 2008) (Dkt. No. 78).

Garber timely appealed the district court's decision.[1] We have jurisdiction under 28 U.S.C. § 1295(a)(1).

## DISCUSSION

In reviewing a purely procedural question, such as a Rule 60(b) motion or a Rule 41(a) dismissal, we apply the law of the regional circuit, in this case, the Seventh Circuit. Walter Kidde Portable Equip., Inc. v. Universal Sec. Instruments, Inc., 479 F.3d 1330, 1335-36 (Fed. Cir. 2007); Marquip, Inc. v. Fosber Am., Inc., 198 F.3d 1363, 1369 (Fed. Cir. 2000). The Seventh Circuit generally reviews Rule 60(b) decisions under an abuse of discretion standard. Blaney v. West, 209 F.3d 1027, 1031 (7th Cir. 2000). However, Rule 60(b)(4) motions are reviewed de novo. In re Hanson, 397 F.3d 482, 484 (7th Cir. 2005); id.

---

[1] Garber also filed an appeal at the Seventh Circuit. Garber v. Chic. Mercantile Exch., No. 08-3553 (7th Cir. filed Oct. 24, 2008). On April 21, 2009, prior to oral argument before this court, Garber filed a motion to transfer the Seventh Circuit case to the Federal Circuit. Id. (Dkt. No. 19). On June 1, 2009, after oral argument in this case, the Seventh Circuit granted that motion, transferring the case to this court. Id. (Dkt. No. 20). We have consolidated the two appeals.

On appeal, Garber argues that the joint stipulation entered into by all parties was filed pursuant to Fed. R. Civ. P. 41(a)(1). According to Garber, because the stipulation was entered pursuant to that rule, the district court was immediately divested of subject matter jurisdiction. That would mean that all orders following the entry of the stipulation, including the First Dismissal Order and Second Dismissal Order, were void. Alternatively, Garber argues that even if those orders were not void, the court's refusal to vacate the Second Dismissal Order was an abuse of discretion. Lastly, Garber asks this court to reassign this case to a new judge on remand.

CME responds by arguing that the agreement between the parties was filed pursuant to Rule 41(a)(2) and thus required action by the district court. The agreement, in CME's view, did not divest the court of jurisdiction. Rather, it was merely a request for the court to dismiss the case without prejudice on terms that the court considered proper. According to CME, the court retained jurisdiction over the case and was within its discretion to grant or deny the parties' request. CME counters Garber's claim that the court abused its discretion by arguing that the court made a reasonable conclusion in finding that Garber had not filed a motion for relief within a reasonable time. CME further argues that Garber's abuse of discretion argument, which was based on Rule 60(b)(6), was waived. CME does not address Garber's request to reassign the case in the event of remand.

The dispute in this case centers on whether the stipulation for dismissal without prejudice entered into by both parties was filed in the court under Rule 41(a)(1) or under Rule 41(a)(2).[2] If it was filed pursuant to Rule 41(a)(1), both parties agree that the

---

[2] The full text of Rule 41(a) reads:

2009-1047, -1384              5

district court did not have jurisdiction to enter any subsequent orders. If the stipulation was filed pursuant to Rule 41(a)(2), both parties concede that court action was required to dismiss the case and that the court enjoyed some discretion in doing so, although the parties disagree regarding whether the court abused that discretion. We agree with Garber that the joint stipulation was filed pursuant to Rule 41(a)(1) and therefore divested the court of jurisdiction. Thus, the First and Second Dismissal Orders entered by the district court were void ab initio.

Rule 41(a)(1)(A) is labeled "Dismissal of Actions: Voluntary Dismissal: By the Plaintiff: Without a Court Order." Fed. R. Civ. P. 41(a)(1)(A). There are two methods by which this can be accomplished; only one is applicable here: "[T]he plaintiff may dismiss an action without a court order by filing . . . a stipulation of dismissal signed by all

---

Rule 41. Dismissal of Actions
(a) Voluntary Dismissal.

(1) By the Plaintiff.
    (A) Without a Court Order. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
        (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
        (ii) a stipulation of dismissal signed by all parties who have appeared.
    (B) Effect. Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

(2) By Court Order; Effect. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

2009-1047, -1384                                        6

parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii). In this case, which concerns a document entitled "Stipulation for Dismissal Without Prejudice" signed by all parties, there can be no serious dispute that there was a "dismissal signed by all parties who have appeared."

Indeed, CME does not dispute that fact. Instead, CME argues that the stipulation was not intended to terminate the case immediately. CME claims that the stipulation is more properly viewed as having been brought under Rule 41(a)(2), which is entitled "Voluntary Dismissal: By Court Order." That rule states that an action, if not dismissed under Rule 41(a)(1), can be dismissed at the plaintiff's request only by means of a "court order, on terms the court considers proper." Fed. R. Civ. P. 41(a)(2). According to CME, the use of discretionary language in the stipulation as well as the parties' decision to attach a proposed order to the stipulation, indicate that the parties contemplated the district court having power to dismiss the action "on terms the court consider[ed] proper." In essence, CME's argument is that the inclusion of a proposed order and discretionary language in the stipulation transform the stipulation into a motion or request, which the court was within its discretion to accept, reject, or modify.

We disagree with CME's characterization of the stipulation. Rule 41(a) contemplates the voluntary dismissal of actions, and subpart (1) enumerates the two situations in which a plaintiff can dismiss the case without action from the court. First, Rule 41(a)(1)(A)(i) permits dismissal by a plaintiff acting alone if a notice of the dismissal is filed before the defendant has entered either an answer or a motion for summary judgment. Second, Rule 41(a)(1)(A)(ii) permits dismissal at any time during the proceedings if all parties sign a stipulation of dismissal. In contrast, Rule 41(a)(2)

2009-1047, -1384                                    7

contemplates dismissal of the action by the plaintiff at a latter stage of the proceedings without agreement from all parties involved. Such a dismissal is permitted only "on terms the court considers proper." Fed. R. Civ. P. 41(a)(2). "If an answer or a motion for summary judgment has been served, the plaintiff no longer has the right to dismiss and, unless all of the parties stipulate to dismissal, both Rule 41(a)(2) and a myriad of cases demand that a plaintiff who wishes to dismiss must obtain an order of the district court." 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2364 (3d ed. 2008). The stipulation entered in this case is more properly viewed as having been brought pursuant to Rule 41(a)(1) precisely because it was a stipulation agreed to by all parties. Rule 41(a)(2) is properly reserved for those cases in which the parties have not formally entered into an agreement regarding dismissal.

CME's position is contradicted by decisions of the Seventh Circuit that have rejected interpreting Rule 41(a)(1) filings in the formalistic manner requested by CME. In Smith v. Potter, 513 F.3d 781 (7th Cir. 2008), the Seventh Circuit held that the district court had erred in dismissing a suit with prejudice following a notice of dismissal without prejudice filed by the plaintiff. The court found that the "motion to voluntarily dismiss the plaintiff's complaint" met the requirements of Rule 41(a)(1) even though the plaintiff had captioned her filing as a motion rather than as a notice.[3] Id. at 783. The court in Smith interpreted a "motion" as a notice for purposes of a Rule 41(a)(1) dismissal. Id.; accord Williams v. Ezell, 531 F.2d 1261, 1263 (5th Cir. 1976) (finding that titling a document a

---

[3] Smith involved Fed. R. Civ. P. 41(a)(1)(A)(i), which permits voluntary dismissal before a defendant has served either an answer or a motion for summary judgment upon the filing of a notice of dismissal by the plaintiff. While the present case involves Rule 41(a)(1)(A)(ii), not 41(a)(1)(A)(i), Smith stands for the principle that when the requirements of Rule 41(a)(1)(A) are met, the form in which the dismissal is presented is not controlling.

"motion to dismiss" rather than a "notice" was a distinction without a difference). Similarly, in this case, the parties' agreement meets the requirements of Rule 41(a)(1), viz., a filed stipulation signed by all parties. The inclusion of a proposed order was surplusage that did not alter the fact that the requirements of the rule were met.

Indeed, the Seventh Circuit has treated filings that were far more ambiguous than the stipulation in this case as falling under Rule 41(a)(1)(A). In Boran v. United Migrant Opportunity Services, Inc., the court found that a letter, signed by only the plaintiff, was properly considered a stipulation for dismissal under Rule 41(a)(1)(A)(ii). 99 Fed. App'x 64 (7th Cir. 2004). The court stated that "literal compliance with the stipulation requirement has not been required where the agreement of all parties is apparent." Id. at 66-67. Furthermore, the court noted that other circuits recognize that "even oral assent to dismissal can satisfy" Rule 41(a)(1)(A)(ii). Id. at 67. In light of the Seventh Circuit's permissive entry of dismissal under Rule 41(a)(1), we conclude that the "Stipulation for Dismissal Without Prejudice" was what it claimed to be, irrespective of the attached proposed order and arguably discretionary language. We therefore find that the stipulation was properly entered under Rule 41(a)(1).

In light of that finding, both parties agree that the First and Second Dismissal Orders are void. See Oral Arg. at 12:30, May 8, 2009, available at http://oralarguments.cafc.uscourts.gov/mp3/2009-1047.mp3 ("If this was a pure stipulation under 41(a)(1), we lose."); see also Smith 513 F.3d at 782-83 (finding that a "motion" that met the requirements of Rule 41(a)(1) "effected the dismissal of the suit [and] no action remained for the district judge to take"); Jenkins v. Maywood, 506 F.3d 622, 624 (7th Cir. 2007) (stating that a stipulation entered under Rule 41(a)(1)

2009-1047, -1384           9

"was effective immediately upon the filing of the Stipulation"). We therefore reverse the district court's denial of Garber's motion for relief, thus vacating all orders entered by the court following the joint stipulation for dismissal without prejudice.

Lastly, Garber requests that on remand this case be reassigned to a new judge. We evaluate reassignment on remand under the law of the regional circuit. Research Corp. Techs., Inc. v. Microsoft Corp., 536 F.3d 1247, 1255 (Fed. Cir. 2008). The default rule of the Seventh Circuit is to reassign cases on remand that were "tried in a district court." 7th Cir. R. 36. In cases that were not tried at the district court level, such as the present case, reassignment is at the discretion of the appellate court. Id. CME has not objected to Garber's request for reassignment. However, as we are reversing the dismissal of the case with prejudice, the stipulation dismissing the case without prejudice governs. We therefore need not address the request for reassignment to a new judge.

## CONCLUSION

For the foregoing reasons, we reverse the district court's denial of Garber's Rule 60(b)(4) motion.

## REVERSED



CERTIFIED COPY
I HEREBY CERTIFY THIS DOCUMENT IS A TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE.
UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT
By: _____ Date: 9/3/09